## Case No. 16,256.

UNITED STATES v. SEVENTEEN
PACKAGES, ETC.

[2 Am. Law Rev. 785.]

District Court, E. D. Texas. March Term,
1868.

DUTIES PAID TO THE CONFEDERATE GOVERNMENT.

[Payment of duties on goods imported at a
place entirely in control of the insurrectionary
power during the war of the Rebellion was not
a discharge of the duties. The acknowledgment of belligerent rights did not make the rebel power a government, either de jure or de
facto.]

[In this case, decided at the March term,
1868, the goods were imported into Brownsville in 1864. The claimant, Juan Rico, paid
the duties to the Confederate authorities, the
then only existing and de facto government
at the place of import, and claimed that
such payment was a satisfaction of all liability for duties, and the government of the
United States could not rightfully set up any
claim for duties; and relied upon the case
of U. S. v. Rice, 4 Wheat. [17 U. S.] 246, better known as the Castine Case, and the rulings of the treasury department, in support
of his view.

The United States district attorney, D. J.
Baldwin, denied the applicability of the Castine Case to the one at bar, and contended,
that by the statutes of the United States, as
well as by the law of nations, the goods were
liable.

THE COURT (WATROUS, District Judge)
held, that payment of the duties to the rebel
authorities was no satisfaction; that the
rebel power was not a government at all,
neither de jure nor de facto; that it was a
belligerent power, but not a sovereign authority, state, or nation; and that the acknowledgment of belligerent rights was only
made in the interests of a common civilization and humanity to take the rebels out of
the category of pirates, &c., and subject
them to the treatment accorded to prisoners
of war by civilized nations.